UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JESUS MORA,

        Plaintiff,

   v.

MORTGAGEIT, INC.; ONEWEST BANK, F.S.B. DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR-14, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2006-AR-14; AZTEC FORECLOSURE CORPORATION; TERENCE MICHAEL FLANNIGAN; RANDOLPH BERKELEY MARTIN d/b/a/ UNION FIDELITY MORTGAGE; and DOES 1-20 inclusive,

        Defendants.

NO. 2:10-cv-2548 FCD

ORDER

----oo0oo----

The court has reviewed defendant MortgageIT, Inc.'s amended notice of removal to the United States District Court for the Eastern District of California under 28 U.S.C. §§ 1441(b) based on federal question jurisdiction. The court finds that the

underlying complaint, alleging causes of action for (1) fraud and deceit, (2) negligent misrepresentation, (3) breach of fiduciary duty, (4) aiding and abetting, (5) breach of contract, (6) tortious interference with contractual relations, (7) negligence, and (8) wrongful foreclosure does not present a federal question and is therefore improperly before this court.

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Sacramento Metropolitan Air Quality Management Dist. v. United States</u>, 215 F.3d 1005, 1014 (9th Cir. 2000).  Federal jurisdiction may also lie if "it appears that some substantial disputed question of federal law is a necessary element of one of the well-pleaded state claims." <u>Rains v. Criterion Sys., Inc.</u>, 80 F.3d 339, 345 (9th Cir. 1996) (quoting <u>Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for Southern California</u>, 463 U.S. 1, 13 (1983).  However, "[w]hen a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim." <u>Id.</u> (holding that the plaintiff's wrongful discharge claim did not give rise to federal question jurisdiction because it could be supported by violations of the state law constitution, not only violations of a federal statute); <u>Lippit v. Raymond James Fin. Servs., Inc.</u>, 340 F.3d 1033, 1043 (9th Cir. 2003) (holding that California unfair competition law claims did not give rise to

2

1 federal question jurisdiction because such claims are based on
2 unfair or fraudulent conduct generally, and not necessarily
3 violations of federal rules and regulations); Mulcahey v.
4 Columbia Organic Chemicals, 29 F.3d 148. 153 (4th Cir. 1994)
5 (holding that negligence action alleging violations of local,
6 state, and federal environmental laws did not confer federal
7 question jurisdiction).

8     In this case, plaintiff's claims do not rely solely on
9 violations of federal law.  Indeed, while defendant contends that
10 "[p]laintiff's claims should be characterized as federal claims
11 for relief," *none* of plaintiff's claims are brought pursuant to
12 or even reference federal law.  As such, resolution of potential
13 federal issues is not essential, and thus, determination of
14 federal law is not a necessary element of one of the well-pleaded
15 state claims.  See Christianson v. Colt Industries Operating
16 Corp., 486 U.S. 800, 810 (1988) ("[A] claim supported by
17 alternative theories in the complaint may not form the basis for
18 [federal] jurisdiction unless [federal] law is essential to each
19 of those theories.").

20     Accordingly, the court REMANDS this action back to the
21 Superior Court of California, County of Yolo.

22     IT IS SO ORDERED.
23 DATED: September 28, 2010

24
                        FRANK C. DAMRELL, Jr.
25                         UNITED STATES DISTRICT JUDGE

26
27
28